**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE ALONZO-VIDAL,<br>Petitioner,<br><br>v.<br><br>JAMAL L. JAMISON, et al.,<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>: | Civil No.: 26-06485 |

**ORDER**

**AND NOW**, this 3rd day of September, 2026, upon consideration of the Verified Petition for Writ of Habeas Corpus (ECF No. 1) and the Government's Response to Petition for Writ of Habeas Corpus (ECF No. 3), **IT IS HEREBY ORDERED** as follows:

1. The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] The Petition alleges Mr. Alonzo-Vidal is a native of Venezuela and has resided in the United States since he entered on or about August 10, 2022. *See* Pet. for Habeas Corpus ¶¶ 1, 19. When he entered the United States in 2022, he was encountered by the Department of Homeland Security ("DHS"). DHS detained and processed Petitioner and released him under humanitarian parole to live in Philadelphia with his sister-in-law. *Id.* ¶ 20. After his release from DHS custody, Petitioner lived in Philadelphia with his wife and their children. *Id.* ¶ 21. He worked as a security manager for the Philadelphia Bureau of Investigations where he was the Site Manager for the Central Association of the Miraculous Medal. *Id.* He complied with all the conditions of his removal proceedings and immigration release. *Id.* ¶ 22. He also submitted an asylum application on January 23, 2023, obtained employment authorization, and submitted the annual asylum fee. *Id.* On August 28, 2026, DHS arrested Petitioner and detained him when he reported for a required check-in with United States Immigration and Customs Enforcement. *Id.* ¶ 2, 24.

The Government does not dispute that Petitioner is presently being held without the benefit of a bond hearing, which this Court has repeatedly ruled, and the Third Circuit has now affirmed, must be afforded him. *Buele Morocho v. Warden*, 2026 WL 2546223 (3d Cir. Aug. 28, 2026). Nonetheless, it requests the Court deny, or at least delay, granting the writ while arrangements are made to transfer Petitioner to a facility capable of providing a bond hearing. This ask is consistent with the Government's position that the appropriate remedy for detention without a bond hearing is to afford such a hearing, relying on *Boumediene v. Bush*, 553 U.S. 723, 729 (2008).

However, the Court concludes that immediate release remains the required remedy here. The Court discerns no circumstances different from the scores of prior similar cases in which release was

2. Mr. Alonzo-Vidal is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3. The Government shall **RELEASE** Mr. Alonzo-Vidal from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 12:00 p.m. ET on September 8, 2026;

4. If the Government chooses to pursue re-detention of Mr. Alonzo-Vidal pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5. The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

*<u>/s/ John M. Gallagher</u>*
JOHN M. GALLAGHER
United States District Court Judge

---

ordered. In sum, the Government requests that the Court continue the unlawful detention of Petitioner, for an unknown period of time, for transport to an unknown facility, for a bond hearing to be held on an unknown date. The Court declines to grant this request.

To the extent the Government requests this Court to extend Petitioner's detention until a new legal theory can be developed, this request is inconsistent with the finding that the Petitioner is being unlawfully detained right now. As the Government rightly notes, the Court may, and does, reach its decision on this petition on the grounds that "the Third Circuit has now provided controlling authority to challenges to the lawfulness of detaining a noncitizen already in the United States who had entered without inspection under 8 U.S.C. § 1225(b)(2)(A)." Resp. to Pet. for Habeas Corpus p. 1.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.